IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAMPAIGN FOR ACCOUNTABILITY,<br>611 Pennsylvania Avenue SE, #337<br>Washington, DC 20003<br><br>         *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>         *Defendant*. | Case No. 19-cv-0625 |

## COMPLAINT

1. Plaintiff Campaign for Accountability brings this action against the U.S. Department of Health and Human Services under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant U.S. Department of Health and Human Services has failed to comply with the applicable time-limit provisions of the FOIA, Campaign for Accountability is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C.

1

§ 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff Campaign for Accountability ("CfA") is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. CfA uses research, litigation, and communications to expose misconduct and malfeasance in public life. Through research and FOIA requests, CfA uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government, local and state governments and other public actors through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant the U.S. Department of Health and Human Services ("HHS") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of the records that CfA seeks.

## STATEMENT OF FACTS

7. Title X is a federal grant program dedicated to providing comprehensive family planning and related preventative healthcare services and is designed to prioritize low-income individuals.

8. In May 2018, Diane Foley was appointed Deputy Assistant Secretary for Population Affairs. In this role Ms. Foley leads the office responsible for administering the Title X Federal Family Planning Program.

9. Obria Medical Clinics, together with its affiliate Obria Group (collectively "Obria"), is a collection of nonprofit pregnancy clinics. Obria clinics oppose abortion without

exception and do not offer contraceptive choices, including condoms, beyond fertility awareness. Obria applied for Title X grant funding in 2018 and 2019.

10.    On December 20, 2018, CfA submitted FOIA requests to HHS seeking calendars and communications of certain HHS officials and with certain organizations. The specifics of each request are set out in detail below.

*FOIA Request #1 — Diane Foley's Calendars*

11.    On December 20, 2018, CfA submitted a FOIA request to HHS seeking:

> All calendars or calendar entries for Diane Foley, Deputy Assistant Secretary for Population Affairs, from the date that Ms. Foley joined HHS to the date the search is conducted, including any calendars maintained on her behalf (e.g., by an administrative assistant or a scheduler).

12.    A copy of CfA's December 20, 2018 FOIA request regarding Ms. Foley's calendars is attached hereto as Exhibit A and is incorporated herein.

13.    HHS has not sent CfA any acknowledgment of, tracking number for, or communication concerning this request.

*FOIA Request #2 — Diane Foley's Communications*

14.    On December 20, 2018, CfA submitted a FOIA request to HHS seeking:

> All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, reports, disclosures, or other documents sent or received by Diane Foley, Deputy Assistant Secretary for Population Affairs.

15.    This request sought all responsive records from the date Ms. Foley joined the agency to the date of the search. A copy of CfA's December 20, 2018 FOIA request regarding Ms. Foley's communications is attached hereto as Exhibit B and is incorporated herein.

16.    HHS has not sent CfA any acknowledgment of, tracking number for, or communication concerning this request.

*FOIA Request #3 — Obria Communications*

17. On December 20, 2018, CfA submitted a FOIA request to HHS seeking:

> All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, reports, disclosures, or other documents received by any HHS employee or representative from, sent by any HHS employee or representative to, or exchanged between any HHS employee or representative and any employee or representative of Obria Medical Clinics or Obria Group.

18. This request sought all responsive records from January 20, 2017, to the date of the search. A copy of CfA's December 20, 2018 FOIA request regarding Obria communications is attached hereto as Exhibit C and is incorporated herein.

19. HHS has not sent CfA any acknowledgment of, tracking number for, or communication concerning this request.

*Exhaustion of Administrative Remedies*

20. As of the date of this Complaint, HHS has failed to (a) notify CfA of a final determination regarding any of the FOIA requests, including the scope of any responsive records HHS intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

21. Through Defendant's failure to respond to CfA's FOIA requests within the time period required by law, CfA has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

22. CfA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

23. CfA properly requested records within the possession, custody, and control of HHS.

24. HHS is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

25. HHS has failed to promptly review agency records for the purpose of locating those records that are responsive to CfA's FOIA requests.

26. HHS's failure to conduct adequate searches for responsive records violates FOIA.

27. Plaintiff CfA is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly make reasonable efforts to search for records responsive to CfA's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

28. CfA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. CfA properly requested records within the possession, custody, and control of HHS.

30. HHS is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

31. HHS is wrongfully withholding non-exempt agency records requested by CfA by failing to produce records responsive to its FOIA requests.

32. HHS is wrongfully withholding non-exempt agency records requested by CfA by failing to segregate exempt information in otherwise non-exempt records responsive to CfA's FOIA requests.

33. HHS's failure to provide all non-exempt responsive records violates FOIA.

34. Plaintiff CfA is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and

provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, CfA respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to CfA's FOIA requests;

(2) Order Defendant to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to CfA's FOIA requests and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to CfA's FOIA requests;

(4) Award CfA the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant CfA such other relief as the Court deems just and proper.

Dated: March 6, 2019               Respectfully submitted,

/s/ Sara Kaiser Creighton
Sara Kaiser Creighton
D.C. Bar No. 1002367

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
sara.creighton@americanoversight.org

Alice Clare Campbell Huling*
CAMPAIGN FOR ACCOUNTABILITY
611 Pennsylvania Ave. SE, #337
Washington, DC 20003
(202) 780-5750

ahuling@campaignforaccountability.org

*Counsel for Plaintiff*
*Campaign for Accountability*

*\*Pro hac vice application forthcoming*